**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

**UNITED STATES OF AMERICA,**

                    **Plaintiff,**            **1:99-cr-00016-3**
                                                  **1:11-cv-00112**

     v.

**HERNAN NAVARRO,**

                    **Defendant.**
_____

TO:    Alphonso G. Andrews, Jr., Esq., AUSA
         Hernan Navarro, *Pro Se*
              #1207836
              KMCC
              P.O. Box 860
              Oakwood, VA  24631

**REPORT AND RECOMMENDATION**

       THIS MATTER is before the Court upon the Order (ECF No. 296) of Senior Judge Raymond L. Finch in Criminal No. 99-00016-3 referring Navarro's Motion to Vacate (ECF Nos. 252, 254) to the undersigned for a Report and Recommendation and the Order (ECF No. 12) of Chief Judge Wilma A. Lewis in Civil No. 11-00112 referring Navarro's Motion to Vacate to the undersigned for a Report and Recommendation.[1]  For the reasons that follow,

---

[1] Despite the fact that the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody prompted the opening of a civil case in the CM/ECF system, only one motion is at issue, and references to specific numbered docket entries herein are to the CM/ECF case listing for the criminal matter, 1:99-cr-00016, unless otherwise noted.

it is recommended that the motion be dismissed as time-barred and the relief requested therein be denied.[2]

**DISCUSSION**

    **I.**    **Statute of Limitations**

In the Court's Order (ECF No. 264), entered May 14, 2012, the Court noted *sua sponte* that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations period on the filing of Section 2255 motions, and that, under that provision, Navarro had one year from the United States Supreme Court's denial of his petition for writ of certiorari, specifically, March 25, 2003, within which to file a motion under 28 U.S.C. § 2255(f)(1).[3] Instead, Navarro's Section 2255 motion was filed on December 20, 2011, more than eight years after the statute of limitations had run. The Court, therefore, ordered Navarro to set forth any reasons why this matter should not be

---

[2] Section 2255(b) of title 28 of the United States Code requires an evidentiary hearing for all motions brought pursuant to the statute "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005). As the Third Circuit has stated, "If the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by [the petitioner] . . . and if [the petitioner] would not be entitled to relief as a matter of law . . . , the district court did not abuse its discretion in electing not to conduct an evidentiary hearing." *Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985) (citations omitted); *see also United States v. Pham*, 587 F. App'x 6, 8 (3d Cir. 2014) (citing *Booth*, 432 F.3d at 546). For the reasons set forth herein, the undersigned finds that Defendant's motion is untimely and Defendant has failed to present facts sufficient to show that he is entitled to equitable tolling of the statute of limitations. Consequently, Defendant is not entitled to relief as a matter of law as his motion is time-barred, and no evidentiary hearing is necessary for the resolution of his motion. *Savage v. United States*, Civil Action No. 15-8100 (JLL), 2016 WL 4260786 at *2 (D.N.J. Aug. 10, 2016); *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015).

[3] Defendant's Amended Judgment and Commitment was entered on June 14, 2000, and Defendant's conviction and sentence was affirmed on appeal. *United States v. Lopez*, 271 F.3d 472 (3d Cir. 2001), *cert. denied*, 535 U.S. 962 (2002).

*United States v. Navarro/ Navarro v. United States*
1:99-cr-00016-3/1:11-cv-00112
Report and Recommendation
Page 3

dismissed as untimely or why equitable tolling is appropriate and file such reasons within 30 days of the entry of the said order. Order (ECF No. 264) at 4.

In his filing titled "Additional Reason [sic] on Motion 28 U.S.C. § 2255" (ECF No. 267), Navarro states that he "is actually innocent." *Id*. at 1. He also claims, "I did not know § 2255 motions existed . . . . My transcripts where [sic] taken away from me, and library time was not given to me." *Id*. at 3 (emphasis in original). Navarro also submitted "Additional Reason [sic] of § 2255 Motion," *see* ECF No. 269, wherein he essentially reasserts his actual innocence claim.

By the same order requiring Navarro to provide reasons why his motion to vacate should not be dismissed or whether the doctrine of equitable tolling should be applied, the government was given a deadline to respond to Navarro's reasons. The government requested and was granted an extension, *see* ECF Nos. 274 and 277, and, subsequently, filed a timely response.

Navarro was not specifically allowed an opportunity to reply to the government's response. However, Navarro filed a document titled, "Petitioner's Response to Respondent's Opposition Regarding Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" (ECF No. 280), wherein he sets forth his argument that the doctrine of equitable tolling should apply because his court-appointed attorney told him that there were no other steps to be taken after the Supreme Court denied his petition for writ of certiorari. *Id*. at 1, 2, 4, 5. He also reiterates his claims that he is actually

*United States v. Navarro/ Navarro v. United States*
1:99-cr-00016-3/1:11-cv-00112
Report and Recommendation
Page 4

innocent, that he "was denied access to the library" and that his "transcripts [were] taken from me . . . ." *Id*. at 5. This "reply" was docketed on November 9, 2012.

## II. <u>Equitable Tolling</u>

The one-year limitations period set forth in section 2255(f) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (considering remedy in a 28 U.S.C. § 2254 case); *accord United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013) (considering remedy in a section 2255 case) (citing *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998)).[4]

In this jurisdiction, "[e]quitable tolling is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (quoting *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96)). To establish his entitlement to equitable tolling, Navarro "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)) (*cited in Bass*, 268 F. App'x at 199).

Here, in addition to his claim of actual innocence based upon newly discovered evidence, Navarro claims that he was not aware of the possibility of filing a § 2255 motion.

---

[4] *See United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005) (refusing to distinguish between section 2254 and section 2255 cases with respect to the principle of equitable tolling given the sections "have the same operative language and the same purpose" and citing cases from the Second, Fifth, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuit Courts of Appeal applying equitable tolling to section 2255 cases).

*United States v. Navarro/ Navarro v. United States*
1:99-cr-00016-3/1:11-cv-00112
Report and Recommendation
Page 5

He also states that he was prevented from using the prison law library and that his transcripts were taken from him. Navarro further claims that his court-appointed counsel told him there was nothing more he could do after his petition for writ of certiorari was denied by the Supreme Court.

### A. **Actual Innocence**

In this jurisdiction, it is "unclear as to whether a claim of 'actual innocence' can constitute a basis for equitably tolling AEDPA's limitations period." *Faines v. United States*, 808 F. Supp. 2d 708, 713 (D. Del. 2011). As the *Faines* court notes:

> The actual innocence doctrine has been applied to procedural defaults, but neither the Supreme Court nor the Third Circuit has held that AEDPA's statute of limitations can be equitably tolled on the basis of actual innocence, or that a movant's actual innocence constitutes an independent exception to the limitations period. *See United States v. Davies,* 394 F.3d 182, 191 n.8 (3d Cir. 2005) (expressly reserving the question); *see, e.g., Horning v. Lavan,* 197 Fed. Appx. 90, 93 (3d Cir. 2006) ("we have yet to hold that the AEDPA statute of limitations can be equitably tolled on the basis of actual innocence.").

*Id*. (footnote omitted).

However, even if an "actual innocence" exception to the AEDPA statute of limitations existed, Navarro has failed to establish that such an exception would apply in the matter at bar. *See, e.g., Faines*, 808 F. Supp. 2d at 713; *Douglas v. Beard,* No. CIV. A. 00-4935, 2002 WL 550474 at *5 (E.D. Pa. Apr. 12, 2002), *aff'd sub nom. Douglas v. Horn*, 359 F.3d 257 (3d Cir. 2004); *Woods v. Brennan,* No. Civ.A. 99-5240, 2001 WL 1428343, at *2 (E.D. Pa. Nov. 9, 2001) ("In the instant case . . . it is unnecessary for the Court to determine whether there is such an exception to the AEDPA statute of limitations, because even assuming there is,

Petitioner has failed to present a sufficient basis to establish that an 'actual innocence' exception would apply in this case."); *Knowles v. Merkle,* No. 00-16912, 2001 U.S. App. LEXIS 22500, at *2-3 (9th Cir. Oct. 11, 2001); *Helton v. Secretary for the Dep't of Corr.,* 259 F.3d 1310, 1315 (11th Cir. 2001); *Raglin v. Randle,* No. 00-3322, 2001 U.S. App. LEXIS 9389, at *6 (6th Cir. May 8, 2001).

> As the Supreme Court has set forth, a claim of actual innocence involves
>
> a substantial claim that constitutional error has caused the conviction of an innocent person . . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). In addition, the habeas "petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327.

Navarro offers as evidence an affidavit of his co-Defendant Delroy Josiah allegedly stating that he, Josiah, "was the one who pulled the trigger, and killed 'Orlando Orta Concepcion.'" [sic] Motion to Vacate (ECF No. 254) at 13 and Attachment #3 (Exhibit) at 1. The Court acknowledges that this evidence is new and was unavailable at trial. The evidence arguably is reliable, even though the affidavit appeared after Josiah's conviction had been affirmed on appeal. *But cf., e.g., Herrera v. Collins*, 506 U.S. 390, 423 (1993) (O'Connor, J., concurring) (declaring that affidavits made many years after trial, purporting to exculpate a convicted prisoner by offering a new version of events, "are to be treated with a fair degree of skepticism"). At the same time, the Court notes that Navarro and his

co-Defendants were charged with and convicted of the unlawful killing of Concepcion "while aiding and abetting one another . . . in the perpetration and the attempt to perpetrate the crimes of Burglary in the First Degree and Robbery in the First Degree . . . ." Indictment (Original Docket No. 45), dated April 6, 1999, at Count 15.  Navarro has not alleged nor has he presented any evidence that he was not present during the crimes alleged or that he otherwise did not "aid and abet" his co-Defendants.  In the absence of such evidence, he fails to persuade the Court that "no reasonable juror would have convicted" him.  *Douglas*, 2002 WL 550474 at *7.  Consequently, Navarro's claim of actual innocence fails.

        B.        **Extraordinary Circumstance**

As already stated, the one-year statute of limitations contained in 28 U.S.C. § 2255 may be subject to equitable tolling.  Equitable tolling is appropriate "'[w]hen the principle of equity would make the rigid application of a limitation period unfair.  Generally this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.'"  *Fahy v Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (quoting *Miller v. New Jersey Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998)).

        1.        **Lack of legal knowledge**

Navarro claims in multiple filings that he did not know or was unaware of the existence of 28 U.S.C. § 2255 and his ability to file a motion to vacate.  It is well settled that "[a] movant's lack of legal knowledge does not warrant equitably tolling the limitations period."  *Wright v. United States*, Cr. Act. No. 11-71-2-LPS, 2017 WL 1137461 at *3 (D. Del.

*United States v. Navarro/ Navarro v. United States*
1:99-cr-00016-3/1:11-cv-00112
Report and Recommendation
Page 8

Mar. 27, 2017) (citing *Taylor v. Carroll*, No. Civ. A. 03-007-SLR, 2004 WL 1151552 at *5–6 (D. Del. May 14, 2004)). Thus, Navarro's lack of knowledge does not constitute an extraordinary circumstance for the purposes of equitable tolling.

### 2. Limited or no access to library and legal materials

Navarro also claims in multiple filings that he was denied access to a law library and that his trial transcripts were taken away from him. With regard to these claims, the law is clear that a

> prisoner's limited access to a law library is a routine aspect of prison life, and is generally insufficient to trigger equitable tolling absent a causal relationship between the limited library access and the prisoner's late filing. *See Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir. 2003) (a prisoner must demonstrate a causal relationship between the alleged extraordinary circumstances and his late filing); *Bunting v. Phelps,* 687 F. Supp. 2d 444, 448 (D. Del. 2009); *Garrick v. Vaughn,* 2003 WL 22331774, at *4 (E.D. Pa. Sept. 5, 2003) (collecting cases) ("Routine aspects of prison life such as lockdowns, lack of access to legal resources, and disturbances . . . do not constitute extraordinary circumstances sufficient to equitably toll the statute of limitations."). In this case, movant's conclusory and unsubstantiated allegation regarding his limited library access does not demonstrate that the limited access actually prevented him from timely filing the instant § 2255 motion.

*Faines*, 808 F. Supp. 2d at 712. *See, also, e.g., Gadsen v. United States*, Crim. A. Nos. 09-305, 13-65, 2015 WL 9259402 at *6 (W.D. Pa. Dec. 18, 2015) ("Petitioner's limited access to the prison's legal research materials, however, does not by itself warrant equitable tolling of § 2255(f)(1)'s one-year limitation period.") (citation and footnote omitted)); *Randle v. United States*, 954 F. Supp. 2d 339, 347 (E.D. Pa. 2013) ("Limited access to prison law

*United States v. Navarro/ Navarro v. United States*
1:99-cr-00016-3/1:11-cv-00112
Report and Recommendation
Page 9

libraries alone does not rise to the level of extraordinary circumstances.") (citations omitted)).

In a document titled "Additional Reasons and Reply to Respondent's Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" (ECF No. 291), docketed August 25, 2014,[5] Navarro alleges that he "was denied library time and was'nt [sic] allowed to leave his unit." *Id*. at 1. He further alleges that he "was locked down for more than six months for a murder that happen [sic] in Golden Grove prison. . . . and got more lockdown time for fighting for library time." *Id*. at 2. In his Motion for Equitable Tolling (ECF No. 295), docketed January 26, 2015, Navarro claims that he was "denied library time at Golden Grove Facility . . . and was put into and housed in lock down . . . for more than or close to a year." *Id*. at 1. Nowhere, however, does Navarro recount the exact amount of time he was in "lockdown" and the timeframe in which these alleged restrictions took place. Further, Navarro fails to articulate how the restrictions actually prevented him from filing his § 2255 motion within the limitations period or why his motion was filed over eight years after the one-year limitations period.

Based upon the record, the Court finds that Navarro has failed to establish that his limited or lack of access to a law library and/or legal materials is an extraordinary circumstance that warrants the application of equitable tolling. *See, e.g., Savage v. United*

---

[5] It is important to note that this document and Navarro's subsequent Motion for Equitable Tolling (ECF No. 295) were submitted well beyond the time frame contemplated in the Court's Order (ECF No. 264) allowing him the opportunity to give reasons why equitable tolling should be applied in this matter.

*United States v. Navarro/ Navarro v. United States*
1:99-cr-00016-3/1:11-cv-00112
Report and Recommendation
Page 10

*States*, Civil Action No. 15-8100 (JLL), 2016 WL 4260786 at *4 (D.N.J. Aug. 10, 2016) ("The facts alleged by Petitioner are insufficient to establish his entitlement to equitable tolling. Although Petitioner has alleged that he has been transferred to a special housing unit where he has limited access to legal materials, . . .Petitioner has completely failed to provide any facts specifying when he was transferred, how long he has been in the Special Housing Unit, or as to any acts he may have undertaken which would clearly show that he was acting diligently. . . .  Thus, as Petitioner has provided no information to show that his being housed in the Special Housing Unit actually interfered with his access to the law library during the one year period, and as Petitioner has failed to establish that he acted with even reasonable diligence during that period, Petitioner is not entitled to equitable tolling, and his motion to vacate sentence remains time barred.") (citing *United States v. Thomas*, 713 F.3d 165, 174-75 (3d Cir. 2013)).

### 3. Ineffective assistance of counsel

It is without dispute that "[a]ttorney error, miscalculations, inadequate research, and other mistakes of a similar nature are generally not considered sufficiently 'extraordinary' to justify tolling in noncapital cases." *Blay v. United States*, Civil Action No. 12-1381 (FLW), 2013 WL 1163758 at *4 (D.N.J. Mar. 18, 2013) (citing *Fahy*, 240 F.3d at 244); *see also United States v. Johnson,* 2012 U.S. Dist. LEXIS 29382, at *2 (M.D. Pa. Mar. 6, 2012) (stating "[a] lack of familiarity with law" and "attorney malfeasance" are insufficient bases on which to invoke equitable tolling).

Here, in the matter at bar, the Court finds that Navarro's allegation that counsel told him that the Supreme Court was the last step and there was nothing else he could do does not demonstrate a level of incompetence necessary to establish an extraordinary circumstance. *See, e.g., Cristin v. Wolfe*, 168 F. App'x 508, 511 (3d Cir. 2006) (where the court of appeals affirmed the district court's finding that the untimely petition for writ of habeas corpus was not subject to equitable tolling even where counsel "never informed [Mrs. Cristin] that he was not filing a petition for allowance of appeal in the Pennsylvania Supreme Court, never explained to her that she could file a petition for a writ of habeas corpus in federal court, and never explained to her the deadlines for such a filing"). Moreover, Navarro fails to show how counsel's response to his question "actually prevented [him] from timely filing a § 2255 motion." *Wright*, 2017 WL 1137461 at *3.

As the United States Court of Appeals for the Second Circuit has declared, "[A]ttorney error *normally* will not constitute the extraordinary circumstances required to toll the AEDPA limitations period . . . ." *Baldayaque v. United States,* 338 F.3d 145, 152-53 (2d Cir. 2003) (emphasis in original). The *Baldayaque* court does acknowledge that "at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." *Id.* At the same time, *Baldayaque* expressly states that the presence of extraordinary circumstances alone "is not enough . . . to justify the application of equitable tolling. A petitioner must also show that he acted with reasonable diligence, and that the extraordinary circumstances caused his petition to be untimely." *Id.* at 153 (citation omitted). Thus, even if the Court were to find Navarro's claim of attorney malfeasance to

*United States v. Navarro/ Navarro v. United States*
1:99-cr-00016-3/1:11-cv-00112
Report and Recommendation
Page 12

be an extraordinary circumstance, such a claim "without more, is not sufficient to warrant equitable tolling." *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004).

### C. <u>Reasonable diligence</u>

To reiterate, even if the Court were to find that some extraordinary circumstance -- whether it be lack of access to legal materials or attorney malfeasance -- stood in Navarro's way of filing his motion to vacate within the statute of limitations period, Navarro has failed to demonstrate the second element necessary for equitable tolling to attach, namely, acting with reasonable diligence.

As previously mentioned, Navarro provides no dates or even specific timeframes regarding his lack of access to legal materials, nor does he claim that such circumstances prevented him from filing his motion to vacate. *See, e.g., Gadsen*, 2015 WL 9259402 at *6 ("Even assuming, *arguendo*, the prison lockdown through which petitioner suffered constitutes an extraordinary circumstance, petitioner fails to satisfy the court that the thirteen-week lockdown wholly 'prevented' petitioner from timely filing his motion at some other point within the remaining thirty-nine weeks of the one-year limitation period.").

In addition, the record does not show that he attempted to obtain another copy of his trial transcripts from the Court within the limitations period.[6] Navarro's failure is

---

[6] The record does contain a letter to the Court from Defendant dated November 7, 2008, wherein Defendant requests his "whole file of discovery." Letter, ECF No. 240, dated November 7, 2008, and docketed on November 25, 2008.

*United States v. Navarro/ Navarro v. United States*
1:99-cr-00016-3/1:11-cv-00112
Report and Recommendation
Page 13

similar to the circumstances presented in *Gadsen*, where the court found that the petitioner had failed "to show he diligently pursued his right to file a § 2255 motion during the one-year period from July 2, 2013 to July 2, 2014, as required to warrant equitable tolling." *Gadsen*, 2015 WL 9259402 at *6. The court notes, "Petitioner states he 'received [his] transcripts and discovery on [February 28, 2014]' after his sentencing on June 17, 2013. (ECF No. 370-2 at 1.)" *Id*. The court then concludes, "Petitioner, however, fails to make *any* showing that he sought—let alone 'diligently' sought—these materials between July 2, 2013 and February 28, 2014, or that he could not file his § 2255 motion without these materials." *Id*.

Further, the record is void of any activity during the one-year limitations period or even immediately thereafter taken by Navarro to inquire or otherwise seek information regarding his rights to file a section 2255 motion. The case law demonstrates that even if we accept Navarro's claim that his attorney told him he had exhausted his remedies to be an exceptional circumstance, Navarro is required to show that counsel's alleged statement actually "prevented" him from timely filing his motion.

> The word "prevent" requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances. . . . If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.

*United States v. Navarro/ Navarro v. United States*
1:99-cr-00016-3/1:11-cv-00112
Report and Recommendation
Page 14

*Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (*cited in Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003)).  Here, as with his lack of access to a law library and/or legal materials, Navarro has not shown that his attorney's alleged statement actually prevented him from timely filing his § 2255 motion or that he took reasonable steps or exercised reasonable diligence to file his § 2255 motion after the alleged attorney malfeasance.  The record indicates that Navarro did nothing to show that he was actively pursuing a section 2255 motion from the time his petition for writ of certiorari was denied by the Supreme Court on March 4, 2002, until August 25, 2011, when Navarro wrote a letter to the Court requesting "§ 2255 motions or applications."  Letter (ECF No. 248), dated August 25, 2011, and docketed on September 6, 2011.  "This period of inactivity demonstrates that [Navarro] lacked the requisite diligence for purposes of equitable tolling."  *Lyles v. Lane*, CIVIL ACTION NO. 16-4801, 2017 WL 2981347 at *5 (E.D. Pa. Feb. 23, 2017), *report and recommendation adopted*, CIVIL ACTION NO. 16-4801, 2017 WL 2972750 (E.D. Pa. July 12, 2017).

## **CONCLUSION**

Under the AEDPA, Navarro had one year from "the date on which the judgment of conviction [became] final" within which to file his motion under section 2255.  28 U.S.C. § 2255(f)(1).  In this matter, the statute of limitations ran on March 25, 2003, a year after the entry of the United States Supreme Court's denial of Navarro's petition for writ of certiorari on March 25, 2002.  *Navarro v. United States*, 535 U.S. 962 (2002).

*United States v. Navarro/ Navarro v. United States*
1:99-cr-00016-3/1:11-cv-00112
Report and Recommendation
Page 15

Navarro's formal motion to vacate (ECF No. 254) was docketed on December 23, 2011, more than eight years after the limitations period.  The Court *sua sponte* ordered Navarro to give reasons why his motion should not be dismissed as untimely or why the statute of limitations should be equitably tolled.  Order (ECF No. 264), entered May 14, 2012.

Equitable tolling of the limitations period under § 2255 requires a petitioner/movant to show that an extraordinary circumstance prevented him from filing a § 2255 motion within the limitations period and that he exercised reasonable diligence in pursuing his rights.  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418)).  None of the circumstances related by Navarro are extraordinary for the purposes of equitable tolling.  In addition, Navarro has failed to demonstrate that, even if the circumstances are deemed to be extraordinary, the circumstances actually prevented him from timely filing his motion and that he pursued his rights with reasonable diligence.  Consequently, the application of equitable tolling is not warranted in this matter.

Based upon the foregoing, it is now hereby

**RECOMMENDED** that Navarro's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct His Sentence be **DISMISSED** as untimely.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge.  28 U.S.C. § 636(b)(1); LRCi 72.3.

*United States v. Navarro/ Navarro v. United States*
1:99-cr-00016-3/1:11-cv-00112
Report and Recommendation
Page 16

ENTER:

Dated: August 31, 2017                         /s/ George W. Cannon, Jr.
                                               GEORGE W. CANNON, JR.
                                               MAGISTRATE JUDGE