HERNAN NAVARRO,

                **Petitioner,**

     **v.**

UNITED STATES OF AMERICA,

                **Respondent.**

      **1:99-cr-00016-3**

TO:    **Hernan Navarro,** *Pro Se*
          **#1207836**
          **P.O. Box 860**
          **Oakwood, VA 24631**

## ORDER and REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the upon *pro se* prisoner Hernan Navarro's Motion to Proceed *in Forma Pauperis* ("IFP") status (ECF No. 363) and for initial screening of Navarro's pleading, which is stylized as "Motion To Vacate Void Judgment" (ECF No. 355) and his supplement to that motion, which is stylized as "Notice of Addendum" (ECF No. 367), pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. The Court finds that Navarro has demonstrated sufficient evidence of an inability to pay the required court costs. The application to proceed *in forma pauperis* is therefore **GRANTED**. For the reasons set forth below, however, this Court **RECOMMENDS** Navarro's motion be **DISMISSED**.

### I.      BACKGROUND

In August 1999, following a jury trial, Navarro was convicted of Burglary First Degree, Robbery First Degree, Carjacking, First Degree Murder, Assault First Degree, Unlawful Possession of a Firearm, and Threatening a Witness. (ECF No. 13). Navarro was

*Navarro v. United States of America*
1:99-cr-00016-3
Order and Report and Recommendation
Page 2

charged with three other defendants in a 22-count indictment.  The government charged all

the defendants in 19 of the 22 counts.

Count One charged burglary in violation of V.I. Code Ann. tit. 14,  §§ 442(1) and (3),

V.I. Code Ann. tit. 14, § 11, and *Pinkerton v. United States*, 328 U.S. 640 (1946).  Counts Two

and Three charged robbery, in violation of V.I. Code Ann. tit. 14, §§ 1862(2), V.I. Code Ann.

tit. 14, § 11, and *Pinkerton*.  Count Four charged possession of a firearm during the

commission of crimes of violence, in violation of V.I. Code Ann. tit. 14, §§ 2253(a), V.I. Code

Ann. tit. 14, § 11, and *Pinkerton.*  Count Five charged burglary, in violation of V.I. Code Ann.

tit. 14, §§442(1) and (3), V.I. Code Ann. tit. 14, § 11, and *Pinkerton*.  Counts Six and Seven

charged robbery, in violation of V.I. Code Ann. tit. 14, §§ 1862(2), V.I. Code Ann. tit. 14, § 11

and *Pinkerton*.  Count Eight charged possession of a firearm during the commission of the

crimes of violence set forth in Counts Five through Seven, in violation of V.I. Code Ann. tit.

14, §§ 2253(a), V.I. Code Ann. tit. 14, § 11 and *Pinkerton*.  Count Nine charged carjacking, in

violation of 18 U.S.C. §§ 2119 and 18 U.S.C. § 2.  Count 10 charged possession of a firearm

during and in relation to the commission of carjacking, in violation of 18 U.S.C. §§

924(c)(1), 18 U.S.C. § 2, and *Pinkerton.* Count 11 charged burglary, in violation of V.I. Code

Ann. tit. 14, §§ 442(1) and (3), V.I. Code Ann. tit. 14, § 11, and *Pinkerton.*  Counts 12 and 13

charged robbery in violation of V.I. Code Ann. tit. 14, §§ 1862(2), V.I. Code Ann. tit. 14, §11,

and *Pinkerton*.  Count 16 charged assault with the intent to commit a felony – as set forth in

*Navarro v. United States of America*
1:99-cr-00016-3
Order and Report and Recommendation
Page 3

Counts 11 and 13 – in violation of V.I. Code Ann. tit. 14, §§ 1341(a)(1) and (2), V.I. Code

Ann. tit. 14, § 11, and *Pinkerton*.  Counts 20 and 21 charged

In May 2000, Navarro was sentenced to life without parole on the murder charge

and additional time on the other counts.  The Third Circuit Court affirmed his conviction

and sentence in October 2001.  *See United States v. Lopez*, 271 F.3d 472 (3d Cir. 2001) (ECF

No. 43).  On March 25, 2002, the Supreme Court denied his application for writ of

certiorari.  *See Navarro v. United States*, 535 U.S. 962 (2002).

The undersigned need not recite all of Navarro's filing history with this Court,

because most of his prior motions are not pertinent to this one.  The activity most relevant

to this motion occurred on July 27, 2018, when Chief Judge Lewis adopted (ECF No. 338)

the undersigned's recommendation (ECF No. 317) that Navarro's § 2255 motions (ECF Nos.

252, 254) be dismissed as time-barred, because his filings exceeded the one-year statute of

limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), codified at 28 U.S.C. § 2255(f).  Judge Lewis also denied Navarro's merits

argument that he was actually innocent, rejecting Navarro's claim that an affidavit from one

of Navarro's co-defendants confirms that it was, in fact, the co-defendant who actually

pulled the trigger and killed the victim.  (ECF No. 338 at 3).  Further, Judge Lewis denied

Navarro a Certificate of Appealability (ECF No. 338 at 17), after determining that his claims

were meritless.  On December 13, 2018, the Third Circuit affirmed the denial of the

*Navarro v. United States of America*
1:99-cr-00016-3
Order and Report and Recommendation
Page 4

Certificate of Appealability and affirmed Judge Lewis's decision. (ECF No. 350 at 2). In a

brief opinion, Judge Jordan wrote:

> Navarro's application for a certificate of appealability is denied. *See* 25 U.S.C.
> § 2253(c). Jurists of reason would agree without debate that the District
> Court correctly dismissed Navarro's 28 U.S.C. § 2255 motion as time-barred.
> As the District Court explained, Navarro's evidence stating that another
> defendant was the one who shot and killed the murder victim does not
> undermine his conviction, which was based on a theory of *Pinkerton* liability,
> and he has therefore failed to show that "in light of the new evidence, no
> juror, acting reasonably, would have voted to find him guilty beyond a
> reasonable doubt." *McQuiggin v. Perkins*, 565 U.S. 383, 386 (2013) (quoting
> *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Jurists of reason would also agree
> that the District Court correctly determined that Navarro's § 2255 motion is
> not rendered timely by the doctrine of equitable tolling because he failed to
> show that he acted with reasonable diligence during the entire period at
> issue. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005); *Brown v. Shannon*,
> 322 F.3d 768, 774 (3d Cir. 2003).

Navarro also has a pending Motion for Reconsideration (ECF No. 347) of Judge

Lewis's order.

## II.     NAVARRO'S ARGUMENTS

On June 3, 2019, Navarro filed the immediate "Motion To Vacate Void

Judgment." ("Navarro's Mot.," ECF No. 355). In the motion, Navarro seeks under

Federal Rule of Civil Procedure 60 "to vacate the Judgment rendered by this court in

reference to counts 20 and 21 of the indictments in relation to the above-titled

case." *Id.* at 1. The crux of Navarro's argument is that the District Court lacked

concurrent jurisdiction with the Territorial Court over those two counts of the

indictment, because those counts set out allegations of crimes that were local in

*Navarro v. United States of America*
1:99-cr-00016-3
Order and Report and Recommendation
Page 5

nature. *Id.* at 9-13. In those two counts, the government alleged that the defendants

had threatened and intimidated potential witnesses in violation of V.I. Code Ann. tit.

14, § 1510 (a), V.I. Code Ann. tit. 14, § 11, and under the Supreme Court's directive in

*Pinkerton.* (*See* Counts, attached at ECF 355-1). This Court's jurisdiction is codified

at 48 U.S.C. § 1612, and section (c) of that statute is where Navarro takes issue with

this Court's authority to have considered the two counts. That section states as

follows:

> The District Court of the Virgin Islands shall have concurrent jurisdiction
> with the courts of the Virgin Islands established by local law over those
> offenses against the criminal laws of the Virgin Islands, whether felonies or
> misdemeanors or both, which are of the same or similar character or part of,
> or based on, the same act or transaction or two or more acts or transactions
> connected together or constituting part of a common scheme or plan, if such
> act or transaction or acts or transactions also constitutes or constitute an
> offense or offenses against one or more of the statutes over which the District
> Court of the Virgin Islands has jurisdiction pursuant to subsections (a) and
> (b) of this section.

48 U.S.C. § 1612(c). Navarro argues that subsection (c) was inapplicable to the two counts

and "that the District Court did not have concurrent jurisdiction over the two threatening a

witness offenses that transpired in the local court." Navarro's Mot. at 11. Further, he

argues "that the federal prosecutor committed an extrinsic fraud when they presented the

indictments at issue to the Grand Jury." *Id.* at 12. Navarro clarifies that his claim of fraud is

premised on his allegation that "[t]he use of the word 'defendants' in drafting the

indictments for counts 20 and 21 was an intentional act of extrinsic fraud that was

intended to misrepresent a material fact to the Grand Jurors so they would issue these

*Navarro v. United States of America*
1:99-cr-00016-3
Order and Report and Recommendation
Page 6

federal indictments in belief that the 'defendants' had all been charged." *Id.* at 13. Navarro

essentially argues that *Pinkerton* liability should not have applied to the *other* defendants

on those two counts. *Id.* at 14-15. He believes this to be the case, because 1) he says that he

was the only defendant responsible for intimidating witnesses and 2) that because the

other crimes had been committed several days earlier, the conspiracy effectively ended

before he could have possibly been involved. *Id.* As a result, Navarro contends, jurisdiction

over him existed only for the two counts and that the Territorial Court thus had exclusive

jurisdiction.

In his supplementary motion (ECF No. 367 at 2), Navarro claims "that the Federal

prosecutor committed an act of Actual Fraud when they presented the false information to

the Grand Jury stating (that the victims at #388 Mt. Pleasant 'could identify' Mr. Navarro

(That I was) as one of the gunmen who robbed them at gunpoint)) the night that they was

robbed." He argues that the District Court gained jurisdiction over him by way of this

"fraud." *Id.* at 3. Further, he argues that he suffered actual prejudice as a result of being

improperly joined into Counts 1-17, despite—according to him—only being responsible for

the actions in Counts 20-21. *Id.* at 3-5.

### III.    DISCUSSION

#### A.  Second Successive Habeas Petition

Though he stylized his filing as a motion to vacate, Navarro states that he is bringing

the motion pursuant to Fed. R. Civ. P. 60(b)(4) and (6) and Fed. R. Civ. P. 60(d)(1). Rule 60

*Navarro v. United States of America*
1:99-cr-00016-3
Order and Report and Recommendation
Page 7

allows a "court to relieve a party or its legal representative from a final judgment, order, or proceeding" to correct "mistake, inadvertence, surprise, or excusable neglect." Rule 60(d)(1) provides that Rule 60 does not limit a court's power to "entertain an independent action to relieve a party from a judgment, order or proceeding." Since Navarro previously filed a § 2255 motion, this Court will only have jurisdiction over his Rule 60 motion "only if it [is] a true Rule 60 motion, and not an attempt to circumvent the filing requirements for filing a new § 2255 motion." *United States v. Donahue*, 733 Fed. Appx. 600, 601-02 (3d Cir. 2018) (citation omitted). Pursuant to the AEDPA, "[b]efore an applicant may file a second or successive § 2255 motion in the district court, the motion 'must be certified … by a panel of the appropriate court of appeals to contain' either 'newly discovered evidence' or a 'new rule of constitutional law.'" *Donahue*, 733 Fed. Appx. at 602 n.1 (citing 28 U.S.C. § 2255(h)(1)-(2); § 2244(b)(3)).

The undersigned finds that Navarro's present motion is filed under the guise of a Rule 60 motion for relief of judgment when it is really an unauthorized successive § 2255 motion. Thus, despite Navarro's characterization of his own motion, it is really an unauthorized second or successive § 2255 motion, and this Court lacks jurisdiction over it, because he did not first obtain a certification to file it from the Third Circuit. *See* 28 U.S.C. § 2244(b), 2255(h); *see also Hamdan v. United States*, 2:14-CR-00162, 2018 WL 5961141, at *1 (W.D. Pa. Nov. 14, 2018).

In *Donahue*, 733 Fed. Appx. at 602-03, the Third Circuit explained:

*Navarro v. United States of America*
1:99-cr-00016-3
Order and Report and Recommendation
Page 8

[the District Court] ha[s] jurisdiction to consider [Navarro's] Rule 60 motion only if it was a true Rule 60 motion, and not an attempt to circumvent the requirements for filing a new § 2255 motion. *See Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002). This question is governed by *Gonzalez v. Crosby*, 545 U.S. 524 (2005). In that case, the Supreme Court held that jurisdiction is proper over a Rule 60 motion that attacks "some defect in the integrity" of a prior habeas proceeding. *Id.* at 132; *see also Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004) (holding that a Rule 60 motion may be adjudicated if its "factual predicate … attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction"). By contrast, a "motion presenting new evidence in support of a claim already litigated" is "in substance a successive habeas petition and should be treated accordingly." *Gonzalez*, 545 U.S. at 531.

Navarro's motion is the type of Rule 60 motion filed by the defendant in *Donahue*, i.e., a "motion presenting new evidence in support of [] claim[s] already litigated." *Donahue*, 733 Fed. Appx. at 602-03. This Court concludes that Navarro does not attack the manner in which the Court decided his previous § 2255 motions. Rather, Navarro raises new arguments in support of his claims as to why he believes his conviction should be vacated, and such a motion is "in substance a successive habeas petition and should be treated accordingly." *Donahue*, 733 Fed. Appx. at 603 (quoting *Gonzalez*, 545 U.S. at 531).

For these reasons, the undersigned **RECOMMENDS** that the Court **DISMISS** Navarro's motion, because the Court lacks subject matter jurisdiction over it as a result of him not obtaining prior authorization from the Third Circuit to file it.

## B. Merits

Even though the undersigned recommends dismissal of Navarro's motion as a second successive habeas petition, Navarro's motion could also be dismissed on the merits.

*Navarro v. United States of America*
1:99-cr-00016-3
Order and Report and Recommendation
Page 9

Navarro's attempts to re-argue issues surrounding *Pinkerton* liability and the propriety of the charges against him are misplaced.  As an initial matter, the The Third Circuit has already determined that the District Court had the authority to give the jury a *Pinkerton* instruction.  *See Lopez*, 271 F.3d at 48-482.  But even accepting Navarro's factual allegations as true—that his only involvement was threatening witnesses (*see* Navarro's Mot. at 4-6)—the undersigned cannot identify any legal authority to suggest that the District Court could not have still heard those counts under its concurrent jurisdiction with the Territorial Court.

There can be no argument that any of the counts of conviction of any of the defendants was affected by the *Pinkerton* instruction.  Counts 20 and 21 were the only two counts for which the government requested the jury to hold the other three defendants to *Pinkerton* liability for conduct in which they did not directly participate.  Those counts charged that Navarro appeared at an advice of rights hearing for two of the defendants and threatened the lives of witnesses who he expected might likely testify against them.  Even though the jury did ultimately choose to acquit the other three defendants on those two charges, it cannot be said that it was erroneous or fraudulent for the government to include the other defendants in those charges.  It can hardly be argued that Navarro's threats were intended for any other purpose than to help the defendants avoid prosecution through tactics of intimidation.  This is the precise type of foreseeable conduct contemplated by *Pinkerton*.  It is foreseeable that each and any of the defendants might well engage in

*Navarro v. United States of America*
1:99-cr-00016-3
Order and Report and Recommendation
Page 10

similar conduct and that, were they asked, any of the others would have appreciated if not outright expected or directed Navarro's conduct in attempting to help them avoid the natural consequences of all of the actions in which they had engaged and implicitly or explicitly agreed to engage in.

As to Navarro's jurisdictional and supplemental claims, he fails to offer any evidence in support of his contentions other than his own assertions. The Third Circuit has also previously confirmed that the District Court had concurrent jurisdiction over the charges at issue. During the initial appeal of the defendants' convictions, the Third Circuit noted:

> [Defendants] argue that the District Court had no jurisdiction because the crimes charged were not "of the same or similar character or part of, or based on, the same act or transaction or two or more acts or transactions connected together or constituting part of a common scheme or plan," which is required by statute in order to give the District Court concurrent jurisdiction over the territorial crimes. 48 U.S.C. § 1612. *Based on the ample evidence demonstrating the interconnected nature of the crimes*, we find this claim to be without merit.

*Lopez*, 271 F.3d 472 at 477 n.2 (emphasis added). Accepting Navarro's contentions that the conspiracy—which he claims now not to have been a member of— terminated before he threatened the witnesses, he has failed to offer any evidence of his own to give the undersigned reason to reject the Third Circuit's assessment that there was an "interconnectedness" of the crimes.

Based upon the foregoing, it is now hereby:

**ORDERED** the Navarro's Motion to Proceed *in Forma Pauperis* (ECF No. 363) is **GRANTED;** and it is further

*Navarro v. United States of America*
1:99-cr-00016-3
Order and Report and Recommendation
Page 11

**RECOMMENDED** that Navarro's "Motion To Vacate Void Judgment" (ECF No. 355)

and his "Notice of Addendum" (ECF No. 367) be **DISMISSED**.

Any objections to this Report and Recommendation must be filed in writing within

fourteen (14) days of receipt of this notice. Failure to file objections within the specified

time shall bar the aggrieved party from attacking such Report and Recommendation before

the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

ENTER:

Dated: August 7, 2019          /s/ George W. Cannon, Jr.
                               GEORGE W. CANNON, JR.
                               MAGISTRATE JUDGE