**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | 1:99-cr-00016-3 |
| v. | |
| **HERNAN NAVARRO,** | |
| Defendant. | |

TO:    Hernan Navarro, *Pro Se*
        #1207836
        P.O. Box 860
        Oakwood, VA 24631

## ORDER

THIS MATTER is before the Court upon Hernan Navarro's Motion for a Bill of Particulars (ECF No. 366). This order is issued without necessity of response.

Having reviewed the motion and upon due consideration thereof, the Court will deny the motion.

Navarro writes in a single page that he is "requesting copies of the 'Bill of particulars'" in his case and asks the Clerk of the Court to "[p]lease send [him] copies of 'The Bill of Particulars' in which the Prosecution sets out in detail the facts forming the basis for the criminal charges against me."

A district court has broad discretion when deciding a motion for a bill of particulars. *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989). As explained by the United States Court of Appeals for the Third Circuit in *United States v. Smith*, 776 F.2d 1104 (3d Cir. 1985), "A bill of particulars, unlike discovery, is not intended to provide the defendant with

the fruits of the government's investigation. . . . Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation." *Id*. at 1111 (citations omitted) (emphasis in original). In this jurisdiction, when "[r]uling on a request for a bill of particulars, the Court should consider all information that has been disclosed to the defendant in the course of the prosecution, whether or not included in the indictment." *United States v. Harvey*, No. 02-12-CR-113, 2014 WL 657595 at *8 (W.D. Pa. Feb. 20, 2014) (slip copy) (citing *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir. 1972)); *see also, e.g., United States v. Jackson*, 39 Fed. App'x 720, 721 (3d Cir. 2002) ("We have noted that when the denial of a motion for a bill of particulars is upheld it invariably has been 'either because the information otherwise available to the defendant at the pretrial stage was found to give adequate notice . . . . or because no prejudice or surprise was shown to have resulted from the denial of the information sought.'" (quoting *Rosa*, 891 F.2d at 1066)).

Even if Navarro had offered any arguments as to why he is entitled to a bill of particulars, his motion comes 20 years too late. Federal Rule of Criminal Procedure 7(f) states that a "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). In this case, Navarro's motion is 20 years late and he does not provide any reason for the delay, much less offer any "'factual circumstances to indicate good cause for extending the 14-day limit of Rule 7(f).'" *United States v. Hinton*, Case No. 5:13-cr-32, 2014 WL 12690115, at *3 (M.D.

Ga. Apr. 15, 2014) (quoting *United States v. McKay*, 70 F. Supp. 2d 208, 211 (E.D.N.Y. 1999)). Because Navarro failed to present any argument to explain his reasons for his untimely motion, much less offer any substantive reasons for why he is entitled to a bill of particulars, the Court has no choice but to conclude that his motion must be denied.

Based upon the foregoing, it is now hereby **ORDERED** that Navarro's Motion for a Bill of Particulars (ECF No. 366) is **DENIED.**

ENTER:

Dated: August 7, 2019 /s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
MAGISTRATE JUDGE