**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

**HERNAN NAVARRO,**

                **Petitioner,**

    **v.**

**UNITED STATES OF AMERICA,**

                **Respondent.**

**1:99-cr-00016-3**

_____

**TO:** Hernan Navarro, *Pro Se*
       #1207836
       P.O. Box 860
       Oakwood, VA 24631

## ORDER

Before the Court is Petitioner Hernan Navarro's Motion for Reconsideration (ECF No. 410). Although Navarro addresses the District Judge in the text of the motion, the Court will construe it as a motion for reconsideration under LRCi 7.3 that the undersigned may adjudicate.

Navarro requests reconsideration of the undersigned's orders denying him free transcripts (ECF Nos. 393, 400). In the most recent order, the Court noted that Navarro must pay the appropriate fee for transcripts (ECF No. 400 at 2). The Clerk's Office then compiled all the transcripts requested by Navarro and calculated a total cost of $943.50 (*see* ECF No. 403 at 2).

As a basis for his motion, Navarro asserts that indigents are entitled to free transcripts under 28 U.S.C. § 753 (f) (2000) and *U.S. v. Horvath*, 157 F.3d 131 (2d Cir. 1998)

(ECF No. 410 at 1). Navarro also states that he "cannot afford to pay hundreds of dollars for [his] transcripts," including other related claims. *See id*. at 1-4. In addition, Navarro resurrects claims in previous motions to vacate under 28 U.S.C. § 2255 found meritless by the District Judge, as well as claims in successive habeas petitions recommended as a meritless by the undersigned (*see generally* ECF Nos. 338, 368, and 410).[1]

Under LRCi 7.3, a party may move for reconsideration within 14 days after entry of an order based on intervening change in controlling law; availability of new evidence, or; the need to correct clear error or prevent manifest injustice. LRCi 7.3.

Here, Navarro moves for reconsideration to correct clear error in denying free transcripts. Yet, while Navarro moves for reconsideration of ECF No. 400 within 14 days of entry of the order, he does not do so to ECF No. 393. However, since both motions involved requests for free transcripts, the Court will overlook untimeliness and entertain the merits of this motion.

> Under 28 U.S.C § 753(f)
>
> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriate for that purpose if the trial judge or circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C § 753(f) (2000). Here, the District Judge has found Navarro's previous section 2255 motions meritless (i.e., frivolous) (ECF No. 338 at 24). Also, the undersigned has recommended that the District Judge dismiss later 2255 motions as meritless (*see* ECF No.

---

[1] Since Navarro styles his motion as a reconsideration of ECF Nos. 393 and 400, related to his requests for free transcripts, the Court will entertain the subject of free transcripts; however, if Navarro wants this Court to examine another habeas petition, he must style the motion as such.

368 at 11). That the trial judge has not ruled on this report and recommendation does not necessarily rule out that these later 2255 motions are frivolous. Accordingly, § 753(f) does not provide that the United States should pay the fees for Navarro's transcripts.

Moreover, *U.S. v. Horvath*, 157 F.3d 131, stands for the proposition that a § 753(f) motion is ripe when a § 2255 motion has been filed. *Horvath*, 157 F.3d at 133. Navarro has filed § 2255 motions, but past § 2255 motions have been found frivolous by the District Judge and pending § 2255 motions have been recommended as frivolous by the undersigned; therefore, free transcripts are unwarranted under § 753(f). Accordingly, the undersigned has not committed clear error, so reconsideration is denied.

Under LRCi 72.2, Navarro may object to this non-dispositive order and have the District Judge decide the objection by

> Fil[ing] a notice of objection or objection which shall specifically designate the order or part thereof objected to and the basis for the objection.

LRCi 72.2. Objections must be made within 14 days from entry of this order. *See* LRCi 7.1; *see also* LRCi 72.4 ("[t]he provisions of Rule 7.1 shall govern objections to a Magistrate Judge's non-dispositive order under 72.2…."). Also, instead of styling objections as motions to reconsider, Navarro should style these filings as "Objection to Magistrate's Order."

WHEREFORE, it is now hereby **ORDERED**:

Petitioner Hernan Navarro's Motion for Reconsideration (ECF No. 410) is **DENIED**.

ENTER:

Dated: December 17, 2020

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE